Blatchford, C. J.
In this case it was held (15 Blatchf. C. C. R. 201,) that the plaintiff’s patent was valid, and that the defendant had infringed it. The patent is for an “improvement in locomotive lamps.” The object of the invention, as stated in the specification, is “to permit coal oil or kerosene to be used in lamps for locomotive head-lights with success, and to obtain full advantage of its great light-producing capacity.” The patent contains 11 claims. Bach claim is a claim to a combination of certain instrumentalities- or members. There are eight of such members. The specification states that the patentee does not claim to be the-original inventor of any one of such individual members, but that, although they had been used before his invention, such use was in combinations substantially different from those devised by him.
The defendant had used three forms of head-lights, one of which infringed five of the claims, one four of the claims, and one all of the claims. The court found that the plaintiff’s lamp was the first one which successfully burned kerosene-oil in a locomotive head-light; and that his lamp had superseded those previously in use, and was used on nearly all the. railroads in the United States. An account of profits and an. *703 ascertainment of damages was ordered to be made by a master.
The master reports that the defendant, from December 19, 1865, to April 29, 1879, used continuously six lamps like the plaintiff’s lamp; that, from and including the year 1875 to April 29, 1879, it used five additional lamps, which were adjudged by the court to infringe, and which burned kerosene oil by reason of their infringing, on portions of the plaintiff’s lamp; that during the time from December 19, 1865, to April 29, 1879, when the plaintiff’s patent expired, the lamp patented by him was the only one which could practically and successfully burn kerosene oil, except such lamps as infringed said patent in whole or in part; that the lamp made and sold by John Carton, for burning kerosene oil, was not the lamp described in his original or re-issued patent in evidence on the final hearing, but was an infringement on the lamp patented by the plaintiff; that, prior to the plaintiff’s invention, the only oils which were or could be practically and successfully used in locomotive head-light lamps were lard, whale, sperm and kindred oils; that the plaintiff’s locomotive lamp was the first- one which successfully burned kerosene oil; that since his said invention kerosene oil has been exclusively used by railroad companies in their locomotive head-lights; and that the defendant, by the use of the lamps adjudged to infringe the plaintiff’s patent, was enabled to and did burn kerosene oil instead of the other and higher-priced oils above mentioned, which result was secured only by the use of the plaintiff’s invention.
The report then states the average market price of lard oil per gallon by the barrel for each year from and including 1866 to and including 1878, lard oil being the cheapest of the oils used in locomotive head-light burners except the plaintiff’s, and those which infringed it; and also states the average market price of kerosene oil per gallon by the barrel for each of the same years. It also states that the 11 lamps were used by the defendant SO nights in each month during said period of infringement, for four hours each night, kerosene oil being burned in them during the whole time; *704 that the defendant saved, by using such infringing lamp, 2 16-100 gallons of whale or lard oil during each year, being a total saving of oil of 205 1-10 gallons, by comparing the quantity of kerosene oil which each infringing lamp burned in each year with the quantity of whale or lard oil which the smallest size of lamp burning it would consume in each year when used the same number of hours; and that the total value of such saving and advantage was $224.95. It also states that the defendant denied the further benefit, saving and advantage of using the cheaper kerosene oil, the value of such saving being the difference between the market price of the kerosene oil used and the market price of an equal amount of the higher-priced oils which it would have been compelled to’ use but for its infringement; that such saving amounted to $3,320.91 for all the 11 lamps for the time they were so used; that the total value of the savings derived by the defendant from the use of the plaintiff’s invention was $3,320.91; that all railroad companies use head-light burners on their engines; that the plaintiff possessed the facilities to manufacture all the burners required by railroad companies in the United States, and could have furnished the defendant with any number of burners required by it had the defendant desired; that the plaintiff’s lamp was, during all the time of the infringement, the only one adapted to the burning of kerosene oil for head-light purposes, except infringing lamps; that the plaintiff’s established price for his headlight burner was $15 each, and the cost of each was $2; and that the plaintiff was damaged by reason of said infringement by the defendant to the extent of $13 for each of the 11 infringing lamps which the defendant purchased from other parties, being in all $143.
The defendant exeepts to the report on the ground that the plaintiff has failed to show what profits the defendant made by the use of the patented improvements; that the master ought not to have allowed the saving of the $224.95, or considered that matter; that he ought not to have allowed the saving of the $3,320.91, or considered that matter; that the finding that from December 19, 1865, to April 29, 1879, *705 Ihi plaintiffs lamp, as patented, wa~ the only one which could successfully burn kerosene oil, except infringing lamps, is not supported by the evidence; that the finding as to the Carton lamp is not supported by the evidence; that the finding of the damage of $143 is contrary to the evidence; that no gains, profits or advantages should have been found; that only nominal damages should have been found; and that, although some of the burners used by the defendant contained only a portion of the patented improvements, the master has reported the same amount as to those lamps as to those which contained all the patented features.
In argument, it is contended for the defendant that the plaintiff is not entitled to recover as profits the saving made by the defendant in burning kerosene oil in the infringing head-lights, but is entitled to recover only a proper license fee for each head-light. This view is based on the proposition that the plaintiff exercised his monopoly, not by using his patented inventions to burn kerosene oil in them, but by making and selling head-lights. There would be force in this suggestion if the suit were one at law, for damages only. But this suit is a suit in equity for an account of profits, savings or advantages by the use of the patented inventions. The statute, (section 4921 Rev. St.,) taken from the act of July 8,1870, (16 ü. S. St. at Large, 206, § 55,) expressly gives to the plaintiff, on a recovery in a suit in equity for an infringement, “the profits” to be accounted for by the defendant, in addition to the damages which the plaintiff has sustained by the infringement It is the infringement, and the suit in equity and the decree therein, which give the right to the profits, and no court has any right to turn those profits into the license fee which would have been the remuneration to the plaintiff if there had been no suit in equity and no decree. The defendant made its election when it infringed and subjected itself to a suit in equity, and the plaintiff is entitled to the result of the choice he made of suing in equity and not at law. The plaintiff made his inventions for the purpose of enabling any one using them to successfully burn kerosene oil in lamps for locomotive head-lights, and to obtain *706 the full advantage of its great light-producing capacity. The defendant used them for that purpose and with that result, and must pay the profit or savings made thereby.
The master appears to have computed the profits or savings accurately and on proper principles. The defendant might, it is true, have burned in the head-lights other oils than kerosene oil, for they were capable of burning other oils. But, in such case, the defendant would not have made the saving it did. The claims embrace the combinations claimed when in use to burn kerosense oil. It does not follow, however, that they have no further scope as to manufacture or use.
It is objected by the defendant that the master found the same rate of profit in respect to the use of the infringing head-lights which contained less than the 11 inventions claimed in the patent, that he did in respect to the infringing head-lights which contained every one of the said 11 inventions. The answer to this objection is that, as the defendant burned kerosene oil in every one of the infringing burners, it necessarily used enough, in each case of the patented combinations claimed, to enable it to bum the kerosene oil, which it could not have done with success or satisfaction if it had not used the fewest number of such combinations which it did use. The head-lights which did not contain all the combinations were, necessarily, inferior in results, though sufficiently successful and satisfactory, to those which contained all the combinations, and the defendant derived therefrom the same rate of advantage in saving which it derived from the head-light which contained all the combinations, though not deriving equal advantages in other respects. But these last advantages are immaterial in ascertaining the saving.
The sixth and seventh exceptions, are withdrawn by the defendant. The first, second, third, fourth, fifth, ninth, tenth, and twelfth exceptions are disallowed. On such disallowance the plaintiff consents to waive any recovery for damages. This makes it unnecessary to consider the eighth and eleventh exceptions. Let a decree be entered for the plaintiff for $3,545.86, as gains, in profits and advantages, with costs.